# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Elizabeth Carley,

    Petitioner

v.

Warden Nevens, et al.,

    Respondents

Case No.: 2:16-cv-02227-JAD-PAL

**Order Granting in Part Motion to Dismiss**

[ECF No. 29]

Counseled petitioner Elizabeth Carley was indicted on 63 counts—61 felonies and 2 misdemeanors—of identity-theft, financial-forgery, and related crimes. She pled guilty by plea agreement to four of those felonies. She now petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that her counsel was ineffective in advising her to accept the plea deal and that her guilty plea wasn't knowing, voluntary, and intelligent.[1] Carley argues that the incriminating statements she made during a police interrogation could have been suppressed or otherwise discredited had her counsel not been ineffective in advising Carley of the strength of the prosecution's case compared to her own defense before she accepted the plea deal. The parties agree that Carley has not raised this ground for relief (which they label ground 1(B)(1)) in state court.

Carley argues that ground 1(B)(1) is technically exhausted. A claim is technically exhausted if it is procedurally defaulted. The record must reflect that "it is clear that the state court would hold the claim procedurally barred."[2] The state procedural bars that would be

---

[1] ECF No. 12.

[2] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added, citations and quotation marks omitted). Carley also argues that respondents have waived any argument that ground 1(B)(1) is procedurally defaulted because they did not raise that argument in their motion to dismiss. They did not. My screening order instructed respondents to raise all potential procedural defenses in a single, non-sequential dismissal motion. I did not intend for respondents to speculate what procedural defenses might arise based on Carley's response to their motion.

1

implicated in this case are the one-year time bar[3] and the bar against second or successive petitions.[4] Both of these procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of actual innocence. The standards that the state courts apply are substantially the same as the standards that federal courts apply.[5]

In most cases, this court has rejected petitioners who claimed technical exhaustion by procedural default while also claiming that they could establish cause and prejudice or actual innocence to excuse that default. On one hand, if a petitioner had an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner could not establish that "it is clear that the state court would hold the claim procedurally barred,"[6] and the ground would not be technically exhausted. On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be technically exhausted but also subject to dismissal as procedurally defaulted.

But, when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts don't, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists. Ineffective-assistance-of-trial-counsel claims allow a petitioner to do that. The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state post-conviction counsel, or the lack of counsel in state post-conviction proceedings, possibly can excuse a procedurally defaulted claim of ineffective assistance of trial counsel.[7] The petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state

---

[3] Nev. Rev. Stat. § 34.726

[4] Nev. Rev. Stat. § 34.810.

[5] *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).

[6] *Sandgathe*, 314 F.3d at 376.

[7] *Martinez v. Ryan*, 566 U.S. 1 (2012).

law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings.[8]

The Nevada Supreme Court has declined to recognize cause under *Martinez* as cause to overcome a state-law procedural bar.[9] So, a Nevada habeas petitioner who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred, but that she nonetheless has a potentially viable argument for cause and prejudice under federal law. Carley relies on *Martinez* to overcome a procedural default of her unexhausted claims. It doesn't appear from the current briefing that Carley has other potentially viable bases for demonstrating cause and prejudice that might be recognized by the state courts, which would preclude a finding of technical exhaustion by procedural default for the unexhausted claims.

I find that a cause-and-prejudice analysis under *Martinez* for Carley's unexhausted claims is appropriate here, but I'll wait to resolve it until after the parties have answered and replied, addressing the claims on their merits. That way, I have the benefit of analyzing all of Carley's claims against a fully developed factual and legal backdrop.[10]

Accordingly, IT IS HEREBY ORDERED that the motion to dismiss **[ECF No. 29] is GRANTED in part**. Ground 1(B)(1) is actually unexhausted but technically exhausted because it would be procedurally barred by the state courts.

IT IS FURTHER ORDERED that a decision on whether Carley can demonstrate cause and prejudice under *Martinez* is DEFERRED until after the parties have answered and replied.

IT IS FURTHER ORDERED that **respondents have until October 8, 2018, to FILE and SERVE an answer** addressing all claims in the amended petition on their merits under a *de*

---

[8] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[9] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

[10] I want to emphasize that the court takes this action on the premise that Carley has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez*. If Carley offers other cause-and-prejudice arguments, then I will return to a procedural posture where the next step instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

3

*novo* standard of review for ground 1(B)(1), and also addressing whether ground 1(B)(1) is barred by procedural default under federal law.

IT IS FURTHER ORDERED that **Carley will have 45 days from the date of service of the answer to file a reply.**

Dated: August 22, 2018

_____
U.S. District Judge Jennifer A. Dorsey